## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVONTAE ROSS, et al.,

       Plaintiffs,

-v-

HON. NANCY M. BLOUNT, et al.,

       Defendants.

Case No. 2:19-cv-11076

Hon. Laurie J. Michelson

Mag. Judge Elizabeth A. Stafford

---

## MOTION TO DISMISS BY DEFENDANT BENNY N. NAPOLEON

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Benny N. Napoleon (the "Wayne County Sheriff's Office" or the "WCSO") moves to dismiss the "Class Action Complaint" filed by Plaintiffs Davontae Ross, Timothy Lucas, Starmanie Jackson, Kushawn Moore, Jr., Asia Dixon, Keith Wilson, and Katrina Gardner (collectively "Plaintiffs"). In support of its motion, the WCSO relies upon the attached Brief.

Pursuant to E.D. Mich. L.R. 7.1(a), counsel for the WCSO contacted in writing counsel for Plaintiffs on May 7, 2019, thoroughly explaining the nature of its request for dismissal from this matter and its legal basis. On May 8, 2019, counsel for Plaintiffs refused to dismiss the WCSO and failed to provide any explanation for the refusal.

On June 7, 2019, counsel for the WCSO renewed its request for dismissal, but counsel for Plaintiffs did not consent in the relief sought.

Dated: June 10, 2019                    Respectfully submitted,

                                        By: /s/*Davidde A. Stella*
                                        James W. Heath (P65419)
                                        Wayne County Corporation Counsel
                                        Davidde A. Stella (P69948)
                                        Assistant Corporation Counsel
                                        500 Griswold St., 30th Floor
                                        Detroit MI 48226
                                        (313) 224-5030
                                        dstella@waynecounty.com
                                        *Attorneys for Benny N. Napoleon Only*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVONTAE ROSS, et al.,

      Plaintiffs,

-v-

HON. NANCY M. BLOUNT, et al.,

      Defendants.

Case No. 2:19-cv-11076

Hon. Laurie J. Michelson

Mag. Judge Elizabeth A. Stafford

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT BENNY N. NAPOLEON**

## CONCISE STATEMENT OF ISSUES PRESENTED

1.      Under 42 U.S.C. § 1983, can Plaintiffs seek "injunctive relief" against a municipality otherwise entitled to absolute quasi-judicial immunity where declaratory relief is available?

2      Is a municipality's act of obeying judicial orders a "policy, practice, or custom" of the municipality under 42 U.S.C. § 1983?

3.      Have Plaintiffs met their burden that "clearly-established" law put the Wayne County Sheriff's Office on notice that obeying allegedly legally-erroneous court orders to detain those charged with a crime before trial would violate the United States Constitution?

## CONTROLLING OR MOST APPLICABLE AUTHORITY

*Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988 (6th Cir. 2017).

*District of Columbia v. Wesby*, 138 S. Ct. 577 (2018).

*Bush v, Rauch,* 38 F.3d 842 (6th Cir. 1994).

*Ellis v. Cleveland Municipal School Dist.*, 455 F.3d 690 (6th Cir. 2006).

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

*Reguli v. Guffee*, 371 F. App'x 590 (6th Cir. 2010) (unpublished).

*Shelton v. Wallace*, 91 F.3d 144, 1996 U.S. App. LEXIS 22252 (6th Cir. July 30, 1996) (unpublished).

*Ruffin v. Cuyahoga County*, 708 F. App'x 276 (6th Cir. 2018) (unpublished).

# INTRODUCTION

Plaintiffs Davontae Ross, Timothy Lucas, Starmanie Jackson, Kushawn Moore, Jr., Asia Dixon, Keith Wilson, and Katrina Gardner (collectively "Plaintiffs") filed the present suit seeking injunctive and declaratory relief under 42 U.S.C. § 1983, asserting that the 36th District Court is violating their constitutional rights by: (1) failing to provide counsel to individuals at arraignments; and (2) setting cash bond conditions for pretrial detainees in violation of the Michigan Court Rules and Michigan statutory law. In their 66-page, 165-paragraph Complaint, the only allegation against Defendant Sheriff Benny N. Napoleon (the "Wayne County Sheriff's Office" or the "WCSO") is that because the WCSO obeys court orders to incarcerate pretrial detainees, it should somehow be held liable and enjoined for the constitutional violations allegedly committed by the judicial officers of the 36th District Court.

As explained further below, Plaintiffs have failed to state a claim against the WCSO for at least the following reasons:

1.    Plaintiffs cannot seek injunctive relief under 42 U.S.C. § 1983 against an entity entitled to absolute quasi-judicial immunity where declaratory relief is available.

2.    Plaintiffs fail to state a claim for municipal liability under 42 U.S.C. § 1983 because the act of obeying a court order is not a "policy, practice, or custom" of the municipality.

3.    Plaintiffs cannot demonstrate that "clearly-established law" would have put the WCSO on notice that obeying an allegedly defective

- 1 -

court order for pretrial incarceration would expose it to liability under 42 U.S.C. § 1983.

## RELEVANT FACTS

The only relevant interaction Plaintiffs had with the WCSO is that they were subject to incarceration orders issued by the 36th District Court. Five of the Plaintiffs – Asia Dixon, Davontae Ross, Katrina Gardner, Starmanie Jackson, and Keith Wilson – were incarcerated for less than a week, posted bond, and were released. Kushawn Moore, Jr. has been released on a tether pending his criminal trial. Only Timothy Lucas presently remains incarcerated. Their relevant proceedings are summarized below.[1]

**A.    Plaintiffs' Criminal Proceedings.**

1.    <u>Asia Dixon</u>

According to court documents, on April 12, 2019, Asia Dixon was arraigned in 36th District Court on a charge of assault with a dangerous weapon under Mich. Comp. Laws § 750.82. (Exhibit 1, Dixon Order). The Magistrate set a bond in an amount of 10% of $10,000 ($1,000), and issued a court order to the WCSO to hold Dixon in pretrial custody. (*Id*.). In relevant part, the order stated:

> The . . . Wayne County Jail shall hold the defendant named above in its care and custody until bond is posted and the terms and conditions

---

[1] Under Fed. R. Civ. P. 12(b)(6), the Court can take judicial notice of public court documents, including dockets and orders. *See Wingent v. JP Morgan Chase Bank, N.A*., 537 F.3d 565, 576 (6th Cir. 2008).

specified in item 4 are acknowledged.  The defendant shall be brought
to all court appearances while in custody or as otherwise ordered.

(*Id*.).

On April 18, 2019, Dixon posted the bond and was released from the Wayne

County Jail.   (Exhibit 2, Dixon Docket).   On May 2, 2019, the criminal case was

dismissed because the complaining witness failed to appear.  (*Id*.).

2.    Timothy Lucas

According to court documents, on April 12, 2019, Timothy Lucas was

arraigned in 36th District Court on charges of assault under Mich. Comp. Laws §

750.81.  (Exhibit 3, Lucas Order).  The Magistrate set a bond in the amount of 10%

of $3,500 ($350) and issued a similar order to the WCSO to hold Lucas in custody.

(*Id*.).  As of the date of the filing this motion, Lucas remains in the custody of the

Wayne County Jail, with his next court date currently scheduled for June 20, 2019.

(Exhibit 4, Lucas Docket).

3.    Davontae Ross

According to court documents, on April 12, 2019, Davontae Ross was

arraigned in 36th District Court on an outstanding bench warrant that was issued

for a previous failure to appear in the same proceedings involving an alleged

violation of Detroit Ordinance 40-1-19.  (Exhibit 5, Ross Docket).  The Magistrate

set Ross' bond in the amount of $200.00 and issued a similar order to the WCSO to

hold Ross in custody.  (Exhibit 6, Ross Order).   On April 18, 2019, Ross posted the bond and was released.  (Exhibit 5, Ross Docket).

On April 26, 2019, Ross pled guilty to the ordinance violation. (*Id*.). The 36th District Court imposed a $240.00 fine and a three-month delayed sentence. (*Id*.).

### 4.    Keith Wilson

According to court documents, on April 12, 2019, Keith Wilson was arraigned on two different charges.  Wilson was arraigned on a bench warrant in 36th District Court for a prior failure to appear on a charge of failing to display a driver's license charge.  (Exhibit 7, Wilson I Docket).  The Magistrate and set a $200.00 bond, and issued a similar order to the WCSO to hold Wilson in custody.  (Exhibit 8, Wilson I Order).   On the same day, Wilson was arraigned in 36th District Court for a charge of assault under Mich. Comp. Laws § 750.84.  (Exhibit 9, Wilson II Docket).  The Magistrate set the bond at 10% of $25,000, and issued a similar order to the WCSO to hold Wilson in custody.  (Exhibit 10, Wilson II Order).

On April 18, 2019, Wilson posted the bonds for both matters and was released from the Wayne County Jail.  (Exhibit 7, Wilson I Docket; Exhibit 9, Wilson II Docket).  On April 25, 2019, the 36th District Court ordered Wilson to pay a $119.00 fine on the failure to display a driver's license charge.  (Exhibit 7,

Wilson I Docket).  On May 2, 2019, the 36th District Court dismissed the assault charge because the complaining witness failed to appear.  (Exhibit 9, Wilson II Docket).

    5.    <u>Kushawn Moore, Jr.</u>

According to court documents, on April 11, 2019, Kushawn Moore, Jr. was arraigned in 36th District Court on the charges of armed robbery under Mich. Comp. Laws § 750.529 and felon in possession of a firearm under Mich. Comp. Laws § 750.227(B).  (Exhibit 11, Moore Docket).  The Magistrate set bond at $50,000 and issued a similar order to the WCSO to hold Wilson in custody. (Exhibit 12, Moore Order).  Upon motion of his attorney, the Wayne County Circuit Court reduced the bond to 10% of $5,000 plus a tether.  (Exhibit 13, Moore Circuit Court Docket & Order).  On May 8, 2019, Moore was released from WCSO custody on an electronic tether, pending his pretrial court date on June 25, 2019.  (*Id.*).

    6.    <u>Starmanie Jackson.</u>

According to court documents, on April 10, 2019, Starmanie Jackson was arraigned in 36th District Court on two bench warrants issued for previously failing to appear on two charges – displaying an improper license plate under Mich. Comp. Laws § 257.256 and allowing an unlicensed driver to drive under Mich. Comp. Laws § 257.326.  (Exhibit 14, Jackson I Order; Exhibit 15, Jackson II

Order).  The Magistrate set bond at 10% of $1,000 for both offenses, and issued a similar order to the WCSO to hold Wilson in custody.  (*Id.*).  On April 11, 2019, Jackson was arraigned on charges of malicious destruction of property in violation of Mich. Comp. Laws § 750.377a(1)(b)(1), felonious assault in violation of Mich. Comp. Laws § 750.82, and domestic violence under Mich. Comp. Laws § 750.812. (Exhibit 16, Jackson III Order).  The Magistrate set bond at 10% of $5,000 for these state charges and issued a similar order for the WCSO to detain Jackson in pretrial custody.  (*Id.*).

On April 15, 2019, Jackson posted bonds in the three matters and was released from WCSO custody.  (Exhibit 17, Jackson I Docket; Exhibit 18, Jackson II Docket; Exhibit 19, Jackson III Docket).  On April 24, 2019, Jackson pled guilty in 36th District Court to the improper plates charge and was fined $235.00, with the unlicensed driver charge dismissed without prejudice on the same day. (Exhibit 17; Exhibit 18).  On April 29, 2019, the state charges were dismissed when the complaining witness failed to appear.  (Exhibit 19).

7.   Katrina Gardner

According to court documents, on April 12, 2019, Katrina Gardner was arraigned in 36th District Court on seven different offenses – one charge of disorderly person under Mich. Comp. Laws § 750.167, one Detroit ordinance violation, and five traffic offenses.  (Exhibit 20, Gardner I Docket; Exhibit 21,

Gardner II Docket; Exhibit 22, Gardner III Docket; Exhibit 23, Gardner IV Docket; Exhibit 24, Gardner V Docket; Exhibit 25, Gardner VI Docket; Exhibit 26, Gardner VII Docket).  Gardner had failed to appear at prior hearings regarding the traffic violations, which prompted bench warrants being issued. The Magistrates set bonds as follows: (1) $200 for the disorderly person charge; (2) $200 for the ordinance violation; (3) $10 for the failure to display a valid driver's license charge; (4) 10% of $1,000 for the driving an unlicensed/titled vehicle charge; (5) $10 for the failure to maintain insurance charge; (6) $10 for the other charge of driving an unlicensed/titled vehicle; and (7) 10% of $1,000 for the failure to obtain a driver's license charge.  (*Id*.).  The 36th District Court issued similar orders to the WCSO to hold Gardner in pretrial custody on these charges.  (Exhibit 27, Gardner Orders).

On April 16, 2019, Gardner posted all of the bonds and was released from the Wayne County Jail.  (Exhibits 20-26).

Gardner ultimately pled guilty to the ordinance violation and failing to display a valid driver's license and was sentenced to fines, probation, and community service.  (Exhibit 21 & 22).  The remaining five charges were dismissed without prejudice.  (Exhibits 20 & 22-26).

B.      **April 14, 2019: Plaintiffs File the Present Case.**

On or about April 14, 2019, Plaintiffs filed the present case naming Judicial

Officers of the 36th District Court and the WCSO, asserting claims for injunctive

and declaratory relief against certain judicial officers of the 36th District Court and

the WCSO with the following claims: (1) Count I: Violation of the Equal

Protection and Due Process Clauses; (2) Count II: Violation of Substantive Due

Process: Unjustified Pre-Trial Detention; (3) Count III: Violation of Procedural

Due Process: Failure to Provide Adequate Hearings Before Depriving Plaintiffs of

a Guaranteed Liberty Interest; and (4) Count IV: Violation of Sixth Amendment

Right to Counsel: Failure to Provide Counsel at a Critical Stage.  (ECF No. 1,

Complaint).  On the same day, Plaintiffs filed a "Motion for Class Certification."

(ECF No. 2).

## ARGUMENT

A.      **Plaintiffs Fail to State a Claim for Municipal Liability Against the Wayne County Sheriff's Office.**

1.      Plaintiffs' Complaint Fails to State a Claim for Municipal Liability
        Against the WCSO.

By suing the Wayne County Sheriff's Office as an entity, the only

cognizable theory under 42 U.S.C. § 1983 that can be asserted is for "municipal

liability."   Under such a theory, a "plaintiff who sues a municipality for a

constitutional violation under § 1983 must prove that the municipality's policy or

custom caused the alleged injury." *Ellis v. Cleveland Municipal School Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).  A plaintiff must show that "a deliberate choice to follow a choice of action is made among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Michigan law establishes that county sheriffs are "officers of the court" for the purposes of the execution of court orders.  *See* Mich. Comp. Laws § 600.582. Sheriffs are further charged with the maintenance of county jails in Michigan.  *See* Mich. Comp. Laws § 51.75. The Sixth Circuit has recognized that county sheriffs enjoy absolute quasi-judicial immunity from suit for money damages under § 1983 for obeying court orders to hold individuals in pretrial detention.  *See, e.g., Bush v, Rauch,* 38 F.3d 842, 847 (6th Cir. 1994) ("[O]fficials must be permitted to rely upon a judge's findings and determinations to preserve the integrity of the court's authority and ability to function. It does not seem logical to grant immunity to a judge in making a judicial determination and then hold the official enforcing or relying on that determination liable for failing to question the judge's findings. This would result in the official second-guessing the judge who is primarily responsible for interpreting and applying the law"); *Reguli v. Guffee*, 371 F. App'x 590, 596 n. 4 (6th Cir. 2010) (unpublished) ("Plaintiffs' allegations are that Zollicoffer and Casillas violated YKR's constitutional rights by incarcerating her on the basis of an

- 9 -

'invalid' body attachment. The officers were merely enforcing a valid court order, and the fact that the order emanated from a supposedly unconstitutional statute has no impact on the liability of the individual officers. These officers are entitled to quasi-judicial immunity").[2]  Finally, under § 1983, prospective injunctive relief is only available against those with absolute quasi judicial immunity where declaratory relief is otherwise unavailable – which is not the case here.  *Smith v. Leis*, 407 F. App'x 918, 930 (6th Cir. 2011) (unpublished).

Plaintiffs fail to allege any plausible theory regarding how it is a "policy" of the WCSO to obey court orders directing individuals to be incarcerated in the Wayne County Jail, and how the obligation to follow court orders is "a deliberate

---

[2] Issuing orders pertaining to pretrial incarceration and/or conditions for pretrial release are indisputably judicial functions that fall within the scope of absolute immunity.  *See, e.g., Moore v. Delling*, No. 08-12508, 2008 U.S. Dist. LEXIS 77753, *11 (E.D. Mich. Oct. 3, 2008) (unpublished) (Cook, J.) ("Therefore and because the action that the Defendant took in this case (i.e. setting Moore's bail) falls squarely in the realm of his judicial duties and is not subject to either exception for judicial immunity, he is immune from liability which, in turn, requires that this case must be, and is, dismissed pursuant to Fed. R. Civ. P. 12(b)(6)"); *Holbrook v. Redford*, No. 16-829, 2016 U.S. Dist. LEXIS 148880, *5 (W.D. Mich. Oct. 27, 2016) (unpublished) ("Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that, in setting bail and determining whether Plaintiff would be permitted to represent himself, Judge Redford was acting within his jurisdiction in doing so"); *Nicklay v. Hoffman*, No. 08-329, 2008 U.S. Dist. LEXIS 59276, *3 (W.D. Mich. May 29, 2008) (unpublished) ("Setting bond clearly falls within the scope of judicial conduct") (collecting cases);  *Abdullah v. Quist*, No. 17-cv-24, 2017 U.S. Dist. LEXIS 27591, *3-4 (W.D. Mich. Feb. 28, 2017) (unpublished) ("There is no doubt that ordering Plaintiff to submit a urine sample and revoking Plaintiff's bond were judicial acts and that Judge Quist was acting within his jurisdiction in taking those actions. Accordingly, Judge Quist is absolutely immune from liability").

choice . . . made among various alternatives."  The Sixth Circuit has held as a matter of law that enforcing court orders, even if erroneously issued, cannot be an unconstitutional "policy" of a municipality. *See Shelton v. Wallace*, 91 F.3d 144, 1996 U.S. App. LEXIS 22252, *8 (6th Cir. July 30, 1996) (unpublished) ("The municipal and county officers executed a facially valid TRO issued by a state court judge. The policy of enforcing state court orders, even if we assume that those orders may from time to time be erroneous, cannot be an unconstitutional policy"); *see also Dodson Aviation, Inc. v. Padron*, No. 10-4036, 2011 U.S. Dist. LEXIS 29263, *22 (D. Kan. Mar. 22, 2011) (unpublished) (same); *Little v. Frederick*, No. 17-00724, 2018 U.S. Dist. LEXIS 195142, *19-32 (W.D. La. Aug. 28, 2018) (unpublished) (holding that plaintiffs could not establish a municipal liability claim on a theory that the sheriff could liable for obeying allegedly court orders for allegedly unconstitutional bail), *adopted by* 2018 U.S. Dist. LEXIS 194325 (W.D. La. Nov. 14, 2018) (unpublished).

Moreover, there is no legitimate "alternative" to obeying court orders.[3] Neither Michigan law nor the orders themselves grant any "discretion" to the WCSO in whether or not to obey a court order for pretrial detention.[4]  Indeed,

---

[3] There is no allegation that the WCSO acted in any way outside of the scope of the relevant court orders.

[4] Although the WCSO has nothing to do with the establishment of bond conditions made by district and circuit courts, a Consent Judgment, dated July 20, 2018,

Michigan state law makes it a crime for county sheriff to refuse to follow a court order for incarceration.  *See* Mich. Comp. Laws § 750.189 ("Any jailor or other officer . . . who shall willfully refuse to receive into his custody any prisoner lawfully committed thereto, on any criminal charge or conviction, or any lawful process whatever, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than 2 years, or by fine of not more than 1,000 dollars").

Finally, to accept Plaintiffs' theory of liability here would create and encourage unnecessary and unwarranted conflict between the state judicial system and local law enforcement.  *See, e.g., Valdez v. Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989) (recognizing that immunity must protect court officers from suit for enforcing judicial orders to avoid conflict between courts and local government); *Patterson v. Van Riesen*, 999 F.2d 1235, 1240 (8th Cir. 1993) ("Whether or not the warden believes a prisoner's conviction to be invalid, he is still under a court order to confine the prisoner. The warden has no power to do anything to alleviate his liability. Wardens should not be required to make the Hobson's choice between disobeying the court order or being haled into court to answer for damages").

---

administered and enforced by Chief Judge Timothy M. Kenny of the Wayne County Circuit Court, requires it to release certain pretrial detainees when the Jail occasionally becomes overcrowded under certain pre-set criteria.  (Exhibit 28, Consent Judgment).  However, the Consent Judgment does not permit the release of any pretrial detainee based on a subjective belief that a judicial officer set an improper bond.

Because Plaintiffs have failed to allege an unconstitutional "policy, practice, or custom" attributable to the WCSO, they are not entitled to declaratory relief under 42 U.S.C. § 1983.

>    2.   Even if Plaintiffs Could State a Municipal Liability Claim Against the
>         WCSO, They Fail to Show That "Clearly-Established" Law Entitle
>         Them to Relief.

Under Sixth Circuit precedent, when a municipal liability claim is premised on a pattern of deliberately ignoring or acquiescing to known unconstitutional actions, any such asserted right must be "established." *See Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 995 (6th Cir. 2017); *Ruffin v. Cuyahoga County*, 708 F. App'x 276, 278 (6th Cir. 2018) (unpublished) ("[T]he municipal defendants cannot be *deliberately* indifferent to a right that has yet to be clearly established") (emphasis in original).  In other words, a municipality cannot be "deliberately indifferent" to a pattern of unconstitutional conduct unless there is existing case law holding that such action was unconstitutional in the first place.

For a right to be "clearly-established," existing law must make the unconstitutionality of conduct "beyond debate."  *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018).  The Supreme Court has explained:

>    To be clearly established, a legal principle must have a sufficiently
>    clear foundation in then-existing precedent. The rule must be settled
>    law, which means it is dictated by controlling authority or a robust
>    consensus of cases of persuasive authority[.]  It is not enough that the
>    rule is suggested by then-existing precedent. The precedent must be
>    clear enough that every reasonable official would interpret it to

establish the particular rule the plaintiff seeks to apply.  Otherwise, the rule is not one that every reasonable official would know.

*Id.* at 589-90 (citations omitted).

Accordingly, the imposition of municipal liability here would turn on whether existing precedent specifically put a county sheriff on notice that his or her deputies obeying court orders for pretrial detention would violate the detainees' constitutional rights if the court order was facially-valid but erroneous or issued without the detainee having counsel.  Because there is no such authority from the United States Supreme Court or the Sixth Circuit holding that county sheriffs could be held liable for obeying court orders than contain judicially-created unreasonable or erroneous pretrial release conditions, Plaintiffs' municipal liability claims fail as a matter of law.

**B.     In the Event That the WCSO Can Be Held Derivatively Liable for the Actions of the Judicial Officers of 36th District Court, It Incorporates Their Arguments By Reference.**

In the alternative, even if the WCSO could somehow be held "derivatively liable" for the alleged actions of the judicial officers of the 36th District Court, it incorporates by reference herein all arguments that will be made by co-Defendants.

- 14 -

## CONCLUSION

For the foregoing reasons, the WCSO respectfully requests that the Court grant its motion to dismiss.

Dated: June 10, 2019                    Respectfully submitted,

                                        By: /s/*Davidde A. Stella*
                                        James W. Heath (P65419)
                                        Wayne County Corporation Counsel
                                        Davidde A. Stella (P69948)
                                        Assistant Corporation Counsel
                                        500 Griswold St., 30th Floor
                                        Detroit MI 48226
                                        (313) 224-5030
                                        dstella@waynecounty.com
                                        *Attorneys for Benny N. Napoleon Only*

## CERTIFICATE OF SERVICE

I hereby certify that on **June 10, 2019**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                        /s/    ***Rhonda L. Ross***
                                        Rhonda L. Ross, Paralegal
                                        Office of Wayne County Corporation Counsel
                                        500 Griswold, 30th Floor Guardian Bldg
                                        Detroit, MI 48226
                                        313.967.0044 Direct Dial
                                        rross@waynecounty.com

- 15 -